1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD J. CASTRO,

11               Plaintiff,                   No. CIV S-06-0004 MCE PAN P

12         vs.

13   DR. GALLOWAY, et al.,

14               Defendants.                  <u>ORDER</u>

15   _____/

16         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25  /////

26  /////

1        The Civil Rights Act under which this action was filed provides as follows:

2        Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
3   deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
4   law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       In order to prevail on his Eighth Amendment claim, plaintiff must prove that he

13  had a "serious medical need" and that defendants acted with "deliberate indifference" to that

14  need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to

15  treat a prisoner's condition could result in further significant injury or the 'unnecessary and

16  wanton infliction of pain'."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting

17  Estelle, 429 U.S. at 104, 97 S.Ct. 285).  Deliberate indifference is proved by evidence that a

18  prison official "knows of and disregards an excessive risk to inmate health or safety; the official

19  must both be aware of the facts from which the inference could be drawn that a substantial risk of

20  serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 825, 837

21  (1994).  Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152

22  F.3d 1124, 1128 (9th Cir. 1998).  "Prison officials are deliberately indifferent to a prisoner's

23  serious medical needs when they deny, delay, or intentionally interfere with medical treatment."

24  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks

25  omitted).  Mere differences of opinion between a prisoner and prison medical staff as to

26  /////

1  appropriate medical care also do not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d

2  1337, 1344 (9th Cir. 1981).

3              The court finds the allegations in plaintiff's complaint so vague and conclusory

4  that it is unable to determine whether the current action is frivolous or fails to state a claim for

5  relief.  The court has determined that the complaint does not contain a short and plain statement

6  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7  policy, a complaint must give fair notice and state the elements of the claim plainly and

8  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

9  must allege with at least some degree of particularity overt acts which defendants engaged in that

10 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12 an amended complaint.

13             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17 there is some affirmative link or connection between a defendant's actions and the claimed

18 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22             In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

24 amended complaint be complete in itself without reference to any prior pleading.  This is

25 because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

26 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  February 27, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; cast0004.14a